## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| In re: | |
|---|---|
| ANADA, INC., | Case No. 24-10662-cjf<br>Chapter 11 |
| Debtor. | |

| In re: | |
|---|---|
| OVAINNOVATIONS, LLC, | Case No. 24-10663-cjf<br>Chapter 11 |
| Debtor. | |

| In re: | |
|---|---|
| CRIMSON HOLDINGS, LLC, | Case No. 24-10664-cjf<br>Chapter 11 |
| Debtor. | |

## FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES INCURRED BY RICHMAN & RICHMAN LLC AS CO-COUNSEL FOR THE COMMITTEE OF UNSECURED CREDITORS OF OVAINNOVATIONS, LLC FOR THE PERIOD OF MAY 13, 2024 THROUGH SEPTEMBER 30, 2024

Richman & Richman LLC ("**Applicant**" or "**R&R**"), by Attorneys Michael P. Richman and Eliza M. Reyes, as co-counsel for the Committee of Unsecured Creditors of OvaInnovations, LLC ("**Committee**"), hereby submits its First Interim Application for Allowance and Payment of Fees and Expenses Incurred by Richman & Richman LLC as Co-Counsel for the Committee of Unsecured Creditors of OvaInnovations, LLC for the Period of May 13, 2024 through September 30, 2024 (the "**Interim Application**"), in the amount of $20,737.00, representing $20,737.00 in attorney

fees, pursuant to 11 U.S.C. §§ 330, 331, 503(b)(1) and (2), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and in support thereof states as follows:

## Jurisdiction

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330, 503(b), 507(a)(1), and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## Background

3.    On April 8, 2024, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Wisconsin, commencing the above-captioned bankruptcy cases [Doc 1] (the "**Cases**").

4.    The Debtors are authorized to operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.    On April 12, 2024, the Court entered the Order Authorizing Joint Administration [Doc 40], authorizing the joint administration of the Debtors' Cases for procedural purposes only.

6.    On April 29, 2024, the Office of the United States Trustee (the "**UST**") appointed the committee and its members as the Committee of Unsecured Creditors of OvaInnovations pursuant to Section 1102 of the Bankruptcy Code ("**Committee**").

The UST then filed the Notice of Appointment of Committee of Unsecured Creditors on April 29, 2024 [Doc 43].

7.      On May 13, 2024, the Committee filed the Application of Committee of Unsecured Creditors of OvaInnovations, LLC to Retain and Employ Richman & Richman LLC as Co-Counsel for the Committee ("**Application to Employ R&R**") [Doc 78], and also filed the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Miller, Canfield, Paddock and Stone, P.L.C. as Counsel to the Official Committee of Unsecured Creditors Effective as of May 13, 2024 ("**Application to Employ Miller Canfield**") [Doc 80].

8.      On June 13, 2024, after holding a hearing on the Application to Employ R&R and Application to Employ Miller Canfield to consider the applications and the written objections of the United States Trustee as to both applications, the Court signed and entered the Order granting the Application to Employ R&R ("**R&R Retention Order**") [*see* Doc 163] and the Order granting the Application to Employ Miller Canfield ("**Miller Canfield Retention Order**") [*see* Doc 164]. Pursuant to the R&R Retention Order, the effective date of R&R's employment as counsel for the Committee was May 13, 2024. At the hearing to consider the applications, R&R attorneys and Miller, Canfield, Paddock and Stone P.L.C. ("**Miller Canfield**") attorneys represented to the court that Miller Canfield was to be primary counsel to the Committee, and that since Miller Canfield is located in Michigan, R&R was to be

local counsel to the Committee, and that efforts would be made to avoid duplication of services. *See* R&R Retention Order, p. 2.

## Fee Period Request

9.     This is Applicant's first request for fees in this matter. The Application requests approval on an interim basis of all fees and expenses incurred from May 13, 2024 through September 30, 2024 (the "**Fee Period**"). Applicant seeks further authorization of payment of $20,737.00 representing all unpaid amounts due and owing to Applicant on account of this Interim Application.

| Name and Address of Applicant | Compensation Requested | Expenses Requested | Total Requested |
|---|---|---|---|
| Richman & Richman LLC<br>122 W. Washington Ave., Ste 850<br>Madison, WI 53703 | $20,737.00 | $0.00 | $20,737.00 |

10.     The regular hourly rates for attorneys and paraprofessionals of the firm who performed work during the Fee Period range from $195.00 to $750.00 per hour.

11.     During the Fee Period, attorneys and paraprofessionals of the Applicant expended 34.7 hours on behalf of the Committee. A breakdown of total time spent by each timekeeper providing services on behalf of the Committee during the Fee Period is as follows:

| Timekeeper Name | Position | Hours Worked | Total Billed | Average Hourly Rate |
|---|---|---|---|---|
| Michael P. Richman | Member | 17.0 | $12,750.00 | $750.00 |

| | | | | |
|---|---|---|---|---|
| Claire Ann Richman | Member | 1.4 | $805.00 | $575.00 |
| Eliza M. Reyes | Senior Associate | 15.7 | $7065.00 | $450.00 |
| David T. Fowle | Paralegal | .6 | $117.00 | $195.00 |

12.     Based upon the hourly rates stated above and the time expended by Applicant on behalf of the Committee, the value of the services rendered by Applicant during the Fee Period was $20,737.00.

13.     Detailed time records of the Fee Period are attached as **Exhibit A** to this Application including: (a) summary of fees billed by project code; (b) summary of fees billed by professional and paraprofessional; (c) all services rendered by project code; and (d) all services rendered chronologically by date.

14.     Pursuant to Local Rule 2016(a)(1), the regular hourly rates for attorneys and paraprofessionals of the firm who performed work on this case during the Fee Period, together with a description of their experience and length of professional practice is attached hereto and incorporated herein as **Exhibit B**.

## STANDARD

15.     Compensation for professionals employed under 11 U.S.C. § 327 is governed by Section 330. This provision "was intended to allow lawyers and other professionals retained by the trustee to get compensation comparable to what they

would receive in nonbankruptcy cases." *In re Taxman Clothing Co.*, 49 F.3d 310, 313 (7th Cir. 1995).

16.     Section 330(a) of the Bankruptcy Code provides, in part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

17.     To determine appropriate compensation, Section 330 requires the Court to evaluate "all relevant factors," including "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). If the services were not "reasonably likely to benefit the debtor's estate," or not "necessary to the administration of the estate," then the Court may disallow compensation for those services. 11 U.S.C. § 330(a)(4)(A)(ii).

18.     "In sum, section 330 empowers the Court to award, in its discretion, reasonable compensation for actual, necessary services, and reimbursement for

actual, necessary expenses, but it prohibits compensation for services that were unnecessarily duplicative or not 'reasonably likely to benefit the debtor's estate' or 'necessary to the administration of the case.'" *In re Harry Viner, Inc.*, 520 B.R. 268, 275 (Bankr. W.D. Wis. 2014).

## SERVICES PROVIDED DURING THE FEE PERIOD

19.     This Application sets forth a summary of the work performed by Applicant and the time spent during the Fee Period.

20.     Applicant rendered valuable professional services to, for, and on behalf of the Committee, which benefitted the estates and their creditors by ensuring that the Debtors' assets are property preserved and administered, and that they gained the highest value under the circumstances to maximize the potential recovery for general unsecured creditors, including allowing the Debtors to continue their business operations and continue their efforts to reorganize. Applicant primarily rendered the following professional services, among others, on behalf of the Committee in connection with these proceedings during the Fee Period.

### 1101 – Committee Meetings and Communications

21.     Applicant spent a total of .1 hours in this category, incurring fees in the amount of $75.00 during the Fee Period. Applicant engaged in communications with counsel for the Debtors, the Committee, and Miller Canfield to prepare for upcoming hearings before the bankruptcy court.

### 1102 – Case Administration, Communication with U.S. Trustee, and Compliance with U.S. Trustee Requirements

22.     Applicant spent a total of 1.2 hours in this category, incurring fees in the amount of $660.00 during the Fee Period. Applicant reviewed the Debtors' case dockets, petitions, schedules, statements, and pleadings to determine the state of the Debtors' cases; worked with Miller Canfield to file notices of appearance in Debtors' cases; and engaged in communications with Miller Canfield and the Committee to discuss strategy to address various matters scheduled for preliminary hearings.

### 1104 – DIP Financing, Cash Collateral, and Adequate Protection Issues

23.     Applicant spent 1.3 hours during the Fee Period on this category, incurring fees in the total amount of $975.00. Applicant reviewed the Debtors' cash collateral motion to determine grounds of potential objection to entry of final cash collateral order to protect the Committee's rights, and finalized the Committee's objection to continued use of cash collateral.

### 1105 – Disclosure Statement, Plan of Reorganization

24.     Applicant spent 0.2 hours in this category during the Fee Period, incurring fees in the amount of $150.00. Applicant reviewed the Committee's proposed objection to the Debtors' motion to extend the exclusivity period and assisted with finalizing same to protect the Committee's rights.

### 1106- Miscellaneous Motions and Court Hearings

25.     The Applicant spent 12.0 hours in this category during the Fee Period, incurring fees in the amount of $7,680.00. In conjunction with Miller Canfield, Applicant represented the Committee at the evidentiary hearing on BM LLC's motion

for relief from stay and the final evidentiary hearing on the Debtors' use of cash collateral, including preparing the Committee's witness and exhibit lists for filing with the Court, and discussions with Miller Canfield and the Committee to prepare for same. Applicant also incurred fees reviewing and preparing an objection to the City of Adrian's Motion to Certify Class Proof of Claim [Doc 64 – Case Number 24-1-664-tml] on behalf of the Committee to protect the rights and interests of the Committee. Applicant also incurred fees reviewing the Debtors' pending sale motions and related matters, and reviewing Motion of Eshipping, LLC for Allowance of an Administrative Expense Claim Under 11 U.S.C. § 503(b)(1)(A) [Doc 206], conferences with counsel for Eshipping regarding same, and preparing the Concurrence of the Official Committee of Unsecured Creditors of Ovainnovations, LLC in the Official Committee of Unsecured Creditors of Crimson Holdings, LLC's Objection to Motion of Eshipping, LLC for Allowance of an Administrative Expense Claim Under 11 U.S.C. § 503(b)(1)(A) [Doc 247].

**1108 – Employment, Billing Compensation and Fee Applications**

26.    The Applicant spent 14.8 hours during the Fee Period, incurring fees in the amount of $8,305.00, on matters related to employment, billing, and compensation. Applicant spent time during the Fee Period assisting Miller Canfield with admission *pro hac vice* in the Western District of Wisconsin; preparing, revising, and filing the Application of Committee of Unsecured Creditors of OvaInnovations, LLC to Retain and Employ Richman & Richman LLC as Co-Counsel for the Committee ("**R&R Retention Application**") [Doc 78]; assisting Miller Canfield with

finalizing the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Miller, Canfield, Paddock and Stone, P.L.C. as Counsel to the Official Committee of Unsecured Creditors Effective as of May 13, 2024 ("**Miller Canfield Retention Application**") [Doc 80]; responding to the United States Trustee's Objection to Unsecured Committee of Unsecured Creditors for OvaInnovations, LLC's Applications to Employ Miller, Canfield, Paddock & Stone, P.L.C. and Richman & Richman LLC as Counsel and Co-Counsel ("**UST Objection**") [Doc 99]; and attending the hearing on the R&R Retention Application and Miller Canfield Retention Application. Applicant also incurred fees reviewing and finalizing the Concurrence of the Official Committee of Unsecured Creditors of OvaInnovations, LLC in the Official Committee of Unsecured Creditors of Crimson Holdings, LLC's Objection to Debtors' Application to Employ SSG Advisors, LLC as Investment Banker for Debtors [Doc 216].

### 1109 – Asset Analysis and Recovery

27.     The Applicant spent .1 hours during the Fee Period, incurring fees in the amount of $75.00 on this category. Applicant engaged in communications with counsel for Miller Canfield to discuss the implications of a UCC search results on a secured creditor.

### 1110 – Claims Management, Analysis and Objection Issues

28.     Applicant spent 1.3 hours during the Fee Period, incurring fees in the amount of $585.00 on this category. Applicant spent time during the Fee Period preparing, revising, and filing an Objection to the Motion to Certify Class Proof of

Claim ("**Objection to Motion to Certify**") [Doc 72], prepared a proof of service, and engaged in communications with Miller Canfield on the filing of the Objection to Motion to Certify.

### 1111 – Asset Sales

29.     Applicant spent 3.0 hours during the Fee Period, incurring fees in the amount of $1,707.00 on this category. Applicant spent time during the Fee Period reviewing a draft Application to Employ SSG Investment Bankers, LLC and engaged in communications with Miller Canfield regarding the potential retention of SSG Investment Bankers, LLC and related fee issues;  preparing, revising, and filing the Objection By Official Committee of Unsecured Creditors of OvaInnovations, LLC to Debtors' Motion for Entry of an Order (I) Approving Veos USA as Stalking Horse Bidder, (II) Authorizing the Debtors' Entry Into an Asset Purchase  Agreement, (III) Authorizing the Sale of the Debtors' Assets Free and Clear of All Encumbrances, (IV) Approving the Assumption and Assignment of Certain Executory Contracts, (V) Approving  Certain Bid Procedures, Bid Protections and Deadlines, (VI) Scheduling a Sale Hearing, and (VII) Granted Related Relief [Doc 236]; and preparing, revising, and filing a Stipulation to Continue Use of Cash Collateral and Provide Adequate Protection [Doc 291].

### 1112  -  Debtor Meeting and Communications

30.     Applicant spent .7 hours during the Fee Period, incurring fees in the amount of $525.00 in this category. Applicant engaged in communications with counsel for the Debtors, the Committee, and Miller Canfield on overall case status issues, cash collateral, and other pending matters before the bankruptcy court.

## THE SERVICES PROVIDED BY APPLICANT
## BENEFITTED THE DEBTORS' ESTATES

31.     The Applicant has remained active on all matters in its representation of the Committee as counsel during these cases. The Applicant submits that the services set forth herein benefited the estates and their creditors by ensuring that the Debtors' assets were properly preserved and administered, and that they gained the highest value under the circumstances to maximize the potential recovery for general unsecured creditors.

32.     The Debtors filed the Cases to facilitate a reorganization or sale of their businesses and satisfy claims of their creditors. The Applicant has played an integral part in the preservation and successful sale of the Debtors' assets.

33.     The Applicant worked with the Debtors to clarify Debtors' plans for the Cases, and clarify the process for the sale, including developing bidding procedures and negotiating clarifications to the Stalking Horse Bid.

## INTERIM APPROVAL OF FEES AND COSTS
## INCURRED BY APPLICANT
## IS WARRANTED

34.     Applicant is experienced in bankruptcy matters and in Chapter 11 proceedings. Applicant's hourly rates are in conformity with the rates charged by similarly situated bankruptcy counsel.

35.     This Application is submitted in conformity with the standards set forth in this district, which this Court uses in assessing the propriety of bankruptcy attorneys' fees. The standards include the time and labor required, the novelty and

difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of this case, the customary fees charged for like cases, whether the fee is fixed or contingent, time limitations imposed by the client or other circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorney, the nature and length of the professional relationship with the client, and awards in similar cases.

36.     In accordance with the factors enumerated in 11 U.S.C. § 330, the Applicant submits that the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

37.     Applicant certifies that it has generally complied with the guidelines set forth by the United States Trustee concerning fee applications.

WHEREFORE, Richman & Richman LLC prays that the Court enter an Order as follows:

A. Approving Richman & Richman LLC's compensation for the Fee Period on an interim basis under the provisions of 11 U.S.C. § 330 and 331 incurred on behalf of the Committee of Unsecured Creditors of OvaInnovations, LLC in the amount of $20,737.00, representing $20,737.00 in attorney fees;

B. Authorizing the Committee of Unsecured Creditors of OvaInnovations, LLC to pay to Richman & Richman LLC $20,737.00, representing all unpaid amounts owing to Richman & Richman on account of this Interim Application; and

C. For such other relief the Court deems just and appropriate.

Dated this 8th day of November, 2024.

**RICHMAN & RICHMAN LLC**
**Attorneys for Debtor**
By:

/s/ Michael P. Richman
Michael P. Richman
Eliza M. Reyes
122 West Washington Avenue, Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
ereyes@RandR.law

# EXHIBIT A

**COMMITTEE MEETING & COMMUNICATIONS**                                  **Project Code        1101**

**Totals in Category:        0.1                    $        75.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|------|----------|-------------------------|-------|------|--------|
| 5/15/2024 | Michael Richman | Prep of further emails w/K. Sederholm and M. Swanson re tel mtg arrangements | 0.1 | $ 750.00 | $ 75.00 |
| **Totals** | | | 0.1 | | $ 75.00 |

**CASE ADMINISTRATION; COMMUNICATION WITH U.S. TRUSTEE;**        **Project Code:**     **1102**

**COMPLIANCE WITH U.S. TRUSTEE REQUIREMENTS**

                                               **Totals in Category:**    **1.2**           **$**      **660.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|------|----------|-------------------------|-------|------|--------|
| 5/23/2024 | Michael Richman | Mtg via Teams w/M. Swanson and R. Spinner to review matters scheduled for prelim hearing on 5/24 and related strategies | 0.4 | $ 750.00 | $ 300.00 |
| 5/23/2024 | Eliza Reyes | Begin review of case dockets in WDWI to determine cases which employed co-counsel for committees. | 0.8 | $ 450.00 | $ 360.00 |
| **Totals** | | | 1.2 | | $ 660.00 |

**DIP FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION ISSUES**          **Project Code:**          **1104**

**Totals in Category:**          **1.3**          **$          975.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/13/2024 | Michael Richman | Review cash collateral motion and interim order | 0.2 | $ 750.00 | $ 150.00 |
| 5/14/2024 | Michael Richman | Further review of cash collateral motion and order and prep of email to M. Swanson and R. Spinner re issues on same (.2); prep of email to K. Sederholm re cash collateral  case status discovery and t/conf arrangements (.2) | 0.4 | $ 750.00 | $ 300.00 |
| 5/30/2024 | Michael Richman | emails w/M. Swanson and R. Spinner re grounds of potential obj to final cash collateral order | 0.1 | $ 750.00 | $ 75.00 |
| 6/4/2024 | Michael Richman | Review draft obj to use of cash collateral and related emails (.2); further review of revised draft and email comments re same (.2) | 0.4 | $ 750.00 | $ 300.00 |
| 8/21/2024 | Michael Richman | Review/finalize comm obj to continued use of cash collateral | 0.2 | $ 750.00 | $ 150.00 |
| **Totals** | | | 1.3 | | $ 975.00 |

**DISCLOSURE STATEMENT; PLAN OF REORGANIZATION**  Project Code: 1105

Totals in Category: 0.2  $ 150.00

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|------|----------|------------------------|-------|------|--------|
| 8/20/2024 | Michael Richman | Review comm obj to extension of exclusivity and arrange filing | 0.2 | $ 750.00 | $ 150.00 |
| Totals | | | 0.2 | | $ 150.00 |

**MISCELLANEOUS MOTIONS AND COURT HEARINGS**                    **Project Code:**      **1106**

**Totals in Category:**      **12**                    **$      7,680.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/10/2024 | Eliza Reyes | Prepare proposed correspondence to Court to advise of agreement with BMLLC to extend committee's deadline to file response to BMLLC's motion for relief from stay | 0.4 | $ 450.00 | $ 180.00 |
| 5/13/2024 | Michael Richman | Emails re obj to BM lift stay motion in Anada | 0.1 | $ 750.00 | $ 75.00 |
| 5/16/2024 | Michael Richman | Review draft joinder of committee to opp to BM motion to lift stay | 0.2 | $ 750.00 | $ 150.00 |
| 5/16/2024 | Eliza Reyes | Review proposed objection to BM LLC's Motion for Relief from Stay and prepare email to MPR and Attorney Ron Spinner with proposed revisions. | 0.3 | $ 450.00 | $ 135.00 |
| 5/17/2024 | Eliza Reyes | Review Notice of preliminary Zoom hearing on Balanced Management  LLC's Motion for Relief from Stay and prepare email to committee members forwarding same and advising of attending the hearing via Zoom. | 0.3 | $ 450.00 | $ 135.00 |
| 6/7/2024 | Eliza Reyes | Review draft of Committee's witness and exhibit lists for final hearing on use of cash collateral and BMLLC's Motion for Relief from Stay (.4); Phone conference with Attorney Ronald Spinner to finalize same (.2). | 0.6 | $ 450.00 | $ 270.00 |
| 6/10/2024 | Michael Richman | Prep of email to M. Swanson and R. Spinner re division of responsibility for 6/14 hearing preps | 0.1 | $ 750.00 | $ 75.00 |
| 6/11/2024 | Eliza Reyes | Assist with preparing hard copies of Committee's witness and exhibit lists to provide same to Court for evidentiary hearing on Debtors' final order for use of cash collateral and BMLLC's motion for relief from stay. | 2.3 | $ 450.00 | $ 1,035.00 |
| 6/12/2024 | Eliza Reyes | Assist in preparations for representation of committee at hearing on Debtor's Motion for Use of Cash Collateral and Apps to Employ Richman & Richman LLC and Miller Canfield. | 0.5 | $ 450.00 | $ 225.00 |
| 6/13/2024 | Michael Richman | Numerous emails re status of cash collateral motion and open issues for 6/14 hearing (.5); preps for 6/14 hearing (1.3) | 1.8 | $ 750.00 | $ 1,350.00 |
| 6/14/2024 | Michael Richman | Preps for hearings (.3); court hearing on BM lift stay and cash collateral use (3.0) | 3.3 | $ 750.00 | $ 2,475.00 |
| 6/17/2024 | Michael Richman | T/conf w/R. Spinner re class cert opp (.1); work on opp to class cert (.5); followup t/conf w/R. Spinner edits to same (.1) | 0.7 | $ 750.00 | $ 525.00 |
| 7/30/2024 | Michael Richman | Prep of email to R. Spinner re class action and notice issues | 0.2 | $ 750.00 | $ 150.00 |
| 8/1/2024 | Michael Richman | Review Crimson comm obj re SSG and draft of Ova comm concurrence | 0.3 | $ 750.00 | $ 225.00 |
| 8/13/2024 | Michael Richman | Review email from CSC counsel re pending motions for sale and related matters  and prep of response (.1); related emails w/R. Spinner re same and status of 8/14 hearing (.1); review Eshipping motion for admin expense and draft comm. Concurrence in obj. to same (.2); t/conf w/K. Mason re Eshipping motion for admin expense and email to R. Spinner re same (.2) | 0.6 | $ 750.00 | $ 450.00 |
| 9/30/2024 | Michael Richman | T/conf w/R. Spinner re conversion motion status and strategy | 0.3 | $ 750.00 | $ 225.00 |
| **Totals** | | | **12** | | **$ 7,680.00** |

**EMPLOYMENT, BILLING, COMPENSATION, AND FEE APPLICATIONS**          Project Code:          1108

Totals in Category:          14.8          $          8,305.00

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/9/2024 | Eliza Reyes | Prepare initial draft and subsequent revisions to Application to Employ R&R as co-counsel for unsecured creditor's committee of OvaInnovations Inc. and supporting declaration of MPR including preparing exhibits for declaration consisting of creditor matrices used for conflicts search. | 3.4 | $ 450.00 | $ 1,530.00 |
| 5/10/2024 | Claire Richman | review and revise Application for Employment and corresponding documents (1.2); phone conference with Attorney R Spinner regarding signing of same (.2) | 1.4 | $ 575.00 | $ 805.00 |
| 5/13/2024 | Michael Richman | Emails re committee approval of retention app (.1) | 0.1 | $ 750.00 | $ 75.00 |
| 5/13/2024 | Eliza Reyes | Assist Miller Canfield counsel with preparing pro hac vice motions for the Western District of Wisconsin including phone call with Attorney Ron Spinner regarding same (.3); and preparing email to Attorney Spinner providing proposed form of motions (.2) | 0.5 | $ 450.00 | $ 225.00 |
| 5/13/2024 | Eliza Reyes | Prepare final revisions to OvaInnovations committee's application to employ R&R as committee counsel. | 0.8 | $ 450.00 | $ 360.00 |
| 5/14/2024 | Eliza Reyes | Continue assisting Miller Canfield attorneys with committee's application to employ firm as co-committee counsel including preparing proposed order granting application (.4); and continue assisting with pro hac vice motions including review of revised proposed motions and declarations and advising of approval of same by email to Attorney Ronald Spinner (.4). | 0.8 | $ 450.00 | $ 360.00 |
| 5/15/2024 | Eliza Reyes | Continue with efforts to assist Miller Canfield with finalizing pro hac vice motions including phone conference with and review email from Paralegal Michael Brennan to obtain correct motions and declarations (.4); and following emails and phone conference with Attorney Ronald Spinner regarding procedure upon filing and receiving notices in cases (.4). | 0.8 | $ 450.00 | $ 360.00 |
| 5/17/2024 | Michael Richman | prep of draft email to B. Thill responding to questions about necessity of two law firms for committee (.2) | 0.2 | $ 750.00 | $ 150.00 |
| 5/17/2024 | Eliza Reyes | Review UST's objections to committee's application to employ R&R and Miller Canfield (.4); review notices of preliminary hearings on applications and motions for Miller Canfield attorneys for appear pro hac vice (.2) | 0.6 | $ 450.00 | $ 270.00 |
| 5/24/2024 | Eliza Reyes | Review case dockets in chapter 11 cases in WDWI to analyze cases with committees and committee counsel; prepare email to MPR advising of findings. | 1.2 | $ 450.00 | $ 540.00 |
| 5/24/2024 | Michael Richman | Prep for hearings including R&R engagement app (.3); attend/participate in Zoom hearing re Miller Canfield and RR engagement apps (1.1); continued attendance in hearing re Crimon committee counsel and lift stay motion (1.5) | 2.9 | $ 750.00 | $ 2,175.00 |

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/1/2024 | Eliza Reyes | Review and finalize Concurrence of the Official Committee of Unsecured Creditors of OvaInnovations LLC in the Official Committee of Unsecured Creditors of Crimson Holdings LLC's Objection to Debtor's Application to Employ SSG Advisors LLC as Investment Banker for Debtors. | 0.4 | $ 450.00 | $ 180.00 |
| 8/22/2024 | Michael Richman | Teams conf w/committees' counsel re SSG engagement and associated issues (.5); t/conf w/S. Victor re negotiation of SSG fees (.4); prep of email report to comms and UST re t/conf w/S. Victor (.5); prep of settlement email to Scott Victor and related note to comm counsel debtor and UST (.3) | 1.7 | $ 750.00 | $ 1,275.00 |
| **Totals** | | | 14.8 | | $ 8,305.00 |

**ASSET ANALYSIS AND RECOVERY**                                                                 **Project Code        1109**

                                                                    **Totals in Category:      0.1                          $        75.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|------|----------|-------------------------|-------|------|--------|
| 5/24/2024 | Michael Richman | t/conf w/M. Swanson and R. Spinner re UCC search results on secured creditor and implications | 0.1 | $ 750.00 | $ 75.00 |
| **Totals** | | | 0.1 | | $ 75.00 |

**CLAIMS MANAGEMENT, ANALYSIS, AND OBJECTION ISSUES**　　　　　　　　**Project Code:**　**1110**

**Totals in Category:**　**1.3**　　**$**　**585.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|------|----------|-------------------------|-------|------|--------|
| 6/17/2024 | Eliza Reyes | Prepare revisions to Objection to Motion to Certify Class Proof of Claim to finalize same (.8); prepare proof of service of filing same for filing in Anada and Crimson Holdings Cases (.3); prepare email to Ova Committee Counsel forwarding filed stamped copies of all filings (.2). | 1.3 | $ 450.00 | $ 585.00 |
| **Totals** | | | 1.3 | | $ 585.00 |

**ASSET SALES**                                          **Project Code:**    **1111**

                                    **Totals in Category:**    **3**              **$    1,707.00**

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/17/2024 | Michael Richman | review SSG app and fee issues  and prep of email to M. Swanson re same | 0.3 | $   750.00 | $   225.00 |
| 8/5/2024 | Michael Richman | Review proposed Comm obj to motion to approve stalking horse bidder and sale process  bid protections (.6); t/conf w/R. Spinner re obj (.3) | 0.9 | $   750.00 | $   675.00 |
| 8/6/2024 | Michael Richman | Review latest draft obj to bid procs motion from R. Spinner | 0.2 | $   750.00 | $   150.00 |
| 8/6/2024 | Eliza Reyes | Review and finalize Committee's Objection to Motion for approval of Bid Procedures for sale of Debtors' assets. | 0.3 | $   450.00 | $   135.00 |
| 8/21/2024 | Michael Richman | Review emails and preps of related emails among counsel re Debtor proposals on engagement of SSG and bid procedures | 0.3 | $   750.00 | $   225.00 |
| 8/29/2024 | David Fowle | Email exchanges and call with local counsel re: revisions to stipulation to resolve bidding procedures objections (.2); prepare revisions and final version of stipulation for filing with bankruptcy court (.4) | 0.6 | $   195.00 | $   117.00 |
| 8/29/2024 | Eliza Reyes | Phone conference with Attorney Ronald Spinner to discuss revisions to proposed Stipulation resolving objections to bidding procedures for sale of Debtors' assets (.2); prepare further revisions to Stipulation to finalize same (.2). | 0.4 | $   450.00 | $   180.00 |
| **Totals** | | | 3 | | $   1,707.00 |

**DEBTOR MEETINGS AND COMMUNICATIONS**                                      Project Code:        1112

Totals in Category:        0.7                    $        525.00

| Date | Staff ID | Work Description Detail | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/17/2024 | Michael Richman | T/conf mtg among K. Sederholm  M. Swanson  R. Spinner re overall case status  case issues  cash collateral and other pending matters (.7) | 0.7 | $ 750.00 | $ 525.00 |
| **Totals** | | | 0.7 | | $ 525.00 |

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

ANADA, INC.,

Case No. 24-10662-cjf
Chapter 11

Debtor.

In re:

OVAINNOVATIONS, LLC,

Case No. 24-10663-cjf
Chapter 11

Debtor.

In re:

CRIMSON HOLDINGS, LLC,

Case No. 24-10664-cjf
Chapter 11

Debtor.

## EXHIBIT B – SUMMARY OF PROFESSIONALS

The following is a list of all attorneys, professionals, paraprofessionals or other timekeepers performing services on this case; a description of the experience and length of professional practice for each timekeeper; and the billing rate for each.

---

**Michael P. Richman**
**Partner, Admitted in 1979**
**Hourly billing rate: $750.00**

Attorney Michael P. Richman is a member of Richman & Richman LLC. Michael focuses on representing Chapter 11 business debtors, creditors and creditors' committees and advises on virtually every aspect of financial distress and bankruptcy, as well as out-of-court restructurings. He is also an experienced litigator who frequently represents parties in commercial litigation in state and federal courts. In addition to chapter 11 business debtor, creditor, and creditor committee work, Michael's bankruptcy experience includes the prosecution and defense of complex preference and fraudulent conveyance cases, breach of duty claims against corporate insiders, and advocacy for purchasers of assets under Bankruptcy Code section 363. Prior to moving to Wisconsin in April 2018, Michael's

---

legal practice was centered in New York City, the federal, state and bankruptcy courts located in the Southern District of New York, and he appeared frequently in Delaware. He maintains his active bar admission in New York, and continues to represent clients in bankruptcy and litigation matters across the nation. In a career of more than 40 years, Michael has appeared in courts in more than 20 states. Michael has served as President of the American Bankruptcy Institute ("ABI") (2004-05), as well as director (1996-2008), chairman of its board (2006-07) and a member of its management and executive committees. He served as chairman of the Section 363 Subcommittee of ABI's national commission to reform Chapter 11, and co-vice chair of ABI's National Ethics Task Force. He has for many successive years been named a "Super Lawyer" in peer surveys conducted by Thomson Reuters, including most recently for Wisconsin in 2023. He was recently honored by Best Lawyers as a 2024 Lawyer of the Year in Wisconsin.

**Claire Ann Richman**
**Partner, Admitted in 1993**
**Hourly billing rate: $575.00**

Attorney Claire Ann Richman is a member of Richman & Richman LLC, concentrating her practice in bankruptcy, real estate, and commercial and claim litigation. She served on: ABI's Board of Directors, panel of chapter 7 trustees for the Western District of Wisconsin 2004-2011, National Association of Bankruptcy Trustees' New Trustee Advisory Committee, past chair of State Bar of Wisconsin's Bankruptcy, Insolvency and Creditors' Rights Section, co-chair of its Legislative Committee, chair of ABI's Central States Advisory Board, and State Bar of Wisconsin's Convention Committee. She received her B.A. from Marquette University in 1987 and graduated from the University of Wisconsin Law School in 1993. In addition to being admitted to practice in Wisconsin, she is admitted to practice in the Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Illinois, and District of Colorado.

**Eliza M. Reyes**
**Associate, Admitted in 1997**
**Hourly billing rate: $450.00**

Attorney Eliza M. Reyes is an attorney with Richman & Richman LLC. Since 2005, her practice has focused on financial matters, with a practice primarily focused on representation of debtors, creditors, trustees, landlords, tenants, investors and most other parties in interest with issues before the bankruptcy, federal and state courts; including individual and commercial bankruptcy filings under Chapters 7, 13, 12, and 11; objections to discharge; fraudulent transfer issues; asset valuation issues; adversary proceedings; defense of foreclosure actions; debt collection; contract disputes; real estate matters; and individual, agricultural and commercial reorganizations. She is a member of the Bankruptcy, Insolvency, and Creditors'

Rights Section and the Solo and Small Firm Section of the State Bar of Wisconsin. Eliza is a 1991 graduate of the University of Wisconsin-Milwaukee with a degree in Mass Communication/Journalism, and she received her J.D. from University of Illinois Chicago School of Law f/k/a The John Marshall Law School in 1997.

**David T. Fowle**
**Paralegal**
**Hourly billing rate: $195.00**

David T. Fowle received his B.A. in Liberal Arts at the University of Washington in 1998. He has worked as a legal assistant and paralegal in Washington State, supporting attorneys on various civil litigation matters. From 2018 to 2022, he worked in the in-house legal department at Spectrum Brands in Middleton, Wisconsin. David practices in the areas of bankruptcy and civil litigation.